UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00158-SEB-TAB |
| | ) | |
| JUSTIN D. BARNETT, | ) -05 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant filed a pro se motion that the Court construed as a motion for compassionate under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 479. The United States has moved to dismiss the motion for compassionate release, arguing that it is barred by the terms of Mr. Barnett's plea agreement. Dkt. 500. Although the Court is aware of no grounds for "dismissing" Mr. Barnett's motion for compassionate release, for the reasons stated in this Order, it denies Mr. Barnett's motion for compassionate release.

**I.   Background**

On December 26, 2018, Mr. Barnett signed a petition to enter plea of guilty and plea agreement. Dkt. 314. The plea agreement was filed on December 27, 2018. *Id.* In the plea agreement, Mr. Barnett agreed to plead guilty to one count of conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. *Id.* at 1. The United States agreed to dismiss one count of the superseding indictment following the imposition of sentence. *Id.* In Paragraph 24 of the agreement, Mr. Barnett agreed "not to contest, or seek to modify, [his] . . . sentence . . . in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." *Id.* at 9. Under

the terms of the agreement, Paragraph 24 did "not prevent claims, either on direct or collateral review, that [Mr. Barnett] received ineffective assistance of counsel." *Id.*

Mr. Barnett entered his guilty plea on May 16, 2019. Dkt. 380. He was sentenced the same day. *Id.* The Court sentenced Mr. Barnett to 66 months of imprisonment and 4 years of supervised release. *Id.*; dkt. 384. Judgment was entered on May 22, 2019. Dkt. 384. Mr. Barnett did not appeal his conviction or sentence.

On June 4, 2020, Mr. Barnett filed a pro se motion that the Court construed as a motion for compassionate release under § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 479. On September 2, 2020, the United States moved to "dismiss" the motion for compassionate release, arguing that it was barred by Mr. Barnett's plea waiver. Dkt. 500. Mr. Barnett responded to the request for dismissal on September 15, 2020. Dkt. 501.

## II.  Discussion

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence upon motion of the defendant if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before enactment of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018).

In his motion for compassionate release, Mr. Barnett asks the Court to reduce his sentence to time served and order his immediate release because his medical conditions combine with the risks presented by the COVID-19 pandemic to create an "extraordinary and compelling reason" for a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 479. That is, he brings a motion under § 603 of the First Step Act. In its motion to dismiss, the United States argues

that Defendant waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 500. In response, Mr. Barnett asks the Court to "annul" the plea agreement in light of the COVID-19 pandemic. Dkt. 501.

"When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that waiver are express and unambiguous, we will enforce those terms." *United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014). The same rule applies to waivers of the right to file a motion for sentence reduction. *See United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017) (holding that motion for sentence reduction under 18 U.S.C. § 3582(c)(2) was barred by plea waiver agreeing not to "seek to modify his sentence . . . in any type of proceeding."). Plea waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (internal quotation marks and quoted authority omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).

Here, the express terms of the plea waiver forbid Mr. Barnett from doing what he seeks to do with his motion for compassionate release—that is, seeking to modify his sentence "in any later legal proceeding, including but not limited to, an action brought under U.S.C. § 3582."[1] There is

---

[1] A motion for compassionate release under § 603 of the First Step Act is a motion under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sutton*, the Seventh Circuit held that the First Step Act and not Section 3582(c)(1)(B) is the "vehicle" through which a defendant seeks relief. *Sutton*, 962 F.3d 979, 984 (7th Cir. 2020). But that holding is limited to motions seeking relief under § 404(b) of the First Step Act. *Id.* ("Critically, and *unlike the other two exceptions to § 3582(c)*, subsection (c)(1)(B) does not even refer to who can move for modification or how." (emphasis added)). Regardless, Mr. Barnett's plea waiver prohibited him from seeking to modify his sentence in "any later legal proceeding," which plainly encompasses his motion for compassionate release.

no question that the plea waiver was knowing and voluntary. To the contrary, Mr. Barnett admits that he signed the plea agreement. Dkt. 501 at 1. He states that he is aware that he waived his right to file a challenge to his sentence and admits that he "agreed both in writing and on the record at his change of plea hearing." *Id.* Mr. Barnett does not claim that he was ignorant of his rights under the First Step Act at the time he signed his plea agreement. Mr. Barnett also does not claim that any of the other reasons for invalidating a plea waiver (court reliance on a constitutionally impermissible factor, sentence exceeding the statutory maximum, or ineffective assistance of counsel in negotiating the plea agreement) apply.

Some courts have refused to enforce plea waivers where the defendant was sentenced years before the First Step Act was passed on December 21, 2018, thereby making it impossible for the defendant to "knowingly" waive any claim under the Act. *See, e.g., United States v. Ellerby*, No. CR CCB-07-064, 2020 WL 2395619, at *2 (D. Md. May 12, 2020) (defendant who pled guilty in 2016 could not have waived his right to bring a motion under the First Step Act); *United States v. Burrill*, No. 17-CR-00491-RS-1, 2020 WL 1846788, at *2 (N.D. Cal. Apr. 10, 2020) (movant for compassionate release who waived his right to seek relief under § 3582 in 2017 was not barred). But this is not such a case because Mr. Barnett signed his plea waiver on December 26, 2018—several days after the First Step Act was enacted. This is also not a case in which the plea agreement precluded only "collateral attacks" against the defendant's sentence without any mention of § 3582. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (plea agreement did not bar a motion to reduce sentence under § 3582 where it only referenced "collateral attacks"). As a result, Mr. Barnett's plea waiver was knowing and voluntary and must be enforced.

Mr. Barnett asks the Court to "annul" his plea agreement because of the "extraordinary and compelling" circumstances created by the COVID-19 pandemic. Dkt. 501 at 2. But there is no

4

generalized rule that unforeseen events—such as a pandemic—render a plea waiver invalid. To the contrary, the Seventh Circuit has enforced plea waivers even when significant unforeseen events occur after the plea waiver was signed. For example, in *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), the defendant signed an appeal waiver. After he was sentenced, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). The defendant filed a direct appeal and argued that his appeal waiver was not knowing and intelligent because he could not have anticipated *Booker* and *Booker* effected a "sea change" in the law. The Seventh Circuit rejected this argument and enforced the plea waiver, reasoning:

> In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes this risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.

*Id.* at 636. While COVID-19 has wrought unprecedented circumstances, under the facts presented here the waiver provision is valid and thus must be enforced. *See Bownes*, 405 F.3d at 636; *United States v Egebrecht*, No. 2:17-cr-00007-JRS-CMM-01, Dkt. 72 (S.D. Ind. June 29, 2020) (denying motion for compassionate release because defendant waived right to file motion in plea agreement signed after First Step was enacted, despite the fact that the COVID-19 pandemic was not foreseen at the time of the plea agreement); *United States v. Harris-Harden*, No. 1:18-cr-211-JPH-TAB-01, dkt. 77 (S.D. Ind. Sept. 22, 2020) (same).

### III.    Conclusion

The United States has not cited any authority for "dismissing" (as opposed to denying) Mr. Barnett's motion for compassionate release. Accordingly, its motion to dismiss, dkt. [500], is **granted** to the extent that the Court will deny Mr. Barnett's motion for compassionate release. Mr.

Barnett's motion for compassionate release, dkt. [479], is **denied** for the reasons stated in this Order.

    **IT IS SO ORDERED.**

Date:    10/6/2020

*/s/ Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

Justin D. Barnett
Reg. No. 16552-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel